# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3569

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the District |
| David John Martin, also known as | * | of Minnesota. |
| David Jon Martin, also known as | * | |
| David Munckin, also known as Joseph | * | |
| Martin, also known as Little Dave, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: March 10, 1999

Filed: June 10, 1999

_____

Before BEAM and HEANEY, Circuit Judges, and GOLDBERG,[1] Judge of the United States Court of International Trade.

_____

BEAM, Circuit Judge.

David John Martin was convicted of being a felon in possession of a firearm. See 18 U.S.C. § 922(g). Although Martin never actually possessed the firearm, he was

_____

[1]The Honorable Richard W. Goldberg, Judge for the United States Court of International Trade, sitting by designation.

convicted on a theory of "constructive possession" and sentenced to 120 months in prison. We find the evidence insufficient, and therefore reverse and vacate.

I.    BACKGROUND

In reviewing the sufficiency of the evidence, we look at the evidence in the light most favorable to the verdict, with all reasonable inferences drawn in favor of the government. See United States v. Davis, 154 F.3d 772, 786 (8th Cir. 1998), cert. denied, 119 S. Ct. 1072, 1078, 1090 (1999). On December 6, 1997, G.M., a juvenile, his mother, and another man and woman arrived at a pawn shop. At the pawn shop, G.M.'s mother retrieved a rifle and purchased ammunition. The shop owner asked the group if they were going rabbit hunting. In response, the man with G.M. said they were going deer hunting and planned to shoot the deer in the neck. He made this statement while pointing his index finger at his neck. The man who made this statement was identified as Martin.

Later that same day, G.M. and Martin visited someone else's home. Donald Hoagland was also present at that location. Hoagland had previously been involved in an altercation in which he beat and kicked G.M.'s mother, causing injuries requiring two surgeries. G.M., Martin, Hoagland, and others sat around and talked for about five minutes. Just before leaving, Martin asked G.M. "Are you going to do that then?" The two then left only to return shortly thereafter.

While Martin and G.M. were still outside, Martin said "grab the gun." When they returned to the house, G.M. had the rifle retrieved earlier at the pawn shop and asked Hoagland if he was ready to die. G.M. reminded Hoagland of what he had done to his mother. Martin then told G.M. two or three times to "hurry up." G.M. shot Hoagland numerous times. G.M. and Martin fled the scene, but turned themselves in the next day. Martin agreed to help the police locate the rifle that was discarded by G.M.

Martin was indicted on two counts; aiding and abetting attempted murder, and being a felon in possession of a firearm. After the evidence was presented, the aiding and abetting count was dismissed by the district court. The jury convicted Martin on the firearm charge.

Martin argues on appeal that the prosecution's case relied on inadmissible hearsay. Furthermore, he argues that even with the inadmissible hearsay, the evidence is insufficient to support the jury verdict.

## II.    DISCUSSION

We review evidentiary decisions by the district court for abuse of discretion, see United States v. Roach, 164 F.3d 403, 408 (8th Cir. 1998), and test the sufficiency of the evidence to determine if the facts support the verdict. See Davis, 154 F.3d at 786. We uphold the verdict only if "it is supported by substantial evidence." United States v. Plenty Arrows, 946 F.2d 62, 64 (8th Cir. 1991).

The contested evidence in this case involves the testimony of a psychologist, one R. Owen Nelson, Ph.D. Dr. Nelson was asked by the public defender to interview G.M. for a psychological assessment to assist in the "disposition" or sentence in G.M.'s juvenile proceedings. During the interview, G.M. told Dr. Nelson, among other things, that Martin was the one who had accompanied him and his mother to the pawn shop. This was the only evidence placing Martin at the pawn shop. Several more statements by G.M. concerning the events of December 6, were also admitted through the testimony of Dr. Nelson.

The United States argues that this hearsay falls under an exception for statements made for medical diagnosis or treatment, see Fed. R. Evid. 803(4), or as statements against interest. See Fed. R. Evid. 804(b)(3). Martin argues that admission of this hearsay does not meet an exception and violates his rights under the Confrontation

Clause. We have very serious reservations about the admissibility of this evidence, but need not answer this question, since even if admitted, the evidence is insufficient to support the verdict.

The only element of the crime in question is whether Martin knowingly possessed a firearm. As indicated, there is no evidence of actual possession by Martin. The United States relies on "constructive or joint possession." United States v. Boykin, 986 F.2d 270, 274 (8th Cir. 1993). To this end, the jury was instructed that,

> [A] person has possession of something if the person knows of its presence and has physical control of it or knows of its presence and has the power and intention to control it. More than one person can be in possession of something if each knows of its presence and each has the power and intention to control it.

Tr. at 47 (June 4, 1998).

The Eighth Circuit model jury instruction similarly provides that, "[a] person who, although not in actual possession, has both the power and the intention at a given time to exercise dominion or control over a thing, either directly or through another person or persons, is then in constructive possession of it." Eighth Circuit Model Jury Instructions, Criminal 8.02 (West 1996). The United States suggests that the "most powerful evidence" of constructive possession is the fact that Martin was with G.M. through the entire episode. Far from powerful for this purpose, this evidence, at best, indicates that Martin was in a position to influence G.M. It is, however, insufficient to prove power and intention to exercise dominion and control over the rifle.

The United States also relies on the statements "are you going to do that then?," "hurry-up," and "grab the gun" to suggest that Martin was directing G.M. We are not persuaded. The evidence shows that G.M. had a personal vendetta against Hoagland

-4-

and not that he was some puppet acting at the behest of Martin.  The final piece of evidence the United States relies on to support the verdict is the fact that Martin agreed to help the police locate the rifle which G.M. had discarded.  Knowledge of the possible location of a firearm here is not a showing of power and *intention* to exercise dominion and control over an object.

The district court itself found the evidence of possession to be "a close question." United States v. Martin, No. Cr 98-15, memo. op. at 1 (D. Minn. June 29, 1998). Upon reviewing the record, we conclude that the evidence is insufficient to support the verdict.

## III.   CONCLUSION

For the foregoing reasons, we reverse and remand this matter to the district court with directions to vacate the conviction and dismiss the case.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-5-