# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2128

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff-Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Gregory Lynn McCoy, | * | |
| | * | [UNPUBLISHED] |
| Defendant-Appellant. | * | |

_____

Submitted:  February 13, 2001

Filed:  April 25, 2001

_____

Before RICHARD S. ARNOLD, LAY, and HANSEN, Circuit Judges.

_____

PER CURIAM.

Gregory Lynn McCoy ("McCoy") was charged with being a felon in possession of firearms after his residence was searched in connection with a drug transaction. McCoy was subsequently found guilty and sentenced to 262 months imprisonment. McCoy now challenges the search of his residence, evidentiary rulings at trial, and his sentence.  We affirm the district court.[1]

_____

[1]The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota, presiding.

## I. Background

In September 1999, McCoy was observed leaving his residence. He was then followed to a location in Minneapolis, where he met with a police informant and purchased crack cocaine from him. At the time, police did not arrest McCoy, but placed him under surveillance. Based on evidence from the drug transaction and surveillance, police obtained a search warrant, but did not implement it immediately. On the expiration date of the warrant, police executed the warrant and searched McCoy, his vehicle, and residence. Items seized pursuant to the warrant included: two guns, clear baggies containing drug residue, and cash.

McCoy was charged with being a felon in possession of firearms in violation of 18 U.S.C. § 922(g). McCoy entered a not guilty plea to the charge. He then filed a motion to suppress evidence obtained as a result of the search warrant, a motion to disclose the identity of the informant, and a motion for a hearing pursuant to Franks v. Delaware, 438 U.S. 154 (1978). His Franks motion was based on his assertion that the drug transaction never occurred. According to McCoy, the vehicle police observed him drive to the drug transaction was in the shop at the time, thus the transaction could not have occurred.

In response to McCoy's motion to suppress evidence, based on his assertion that the search warrant was invalid, the magistrate judge concluded in his report and recommendation that a "reasonable and logical reading of the affidavit, in light of the sequence of evidence presented, indicates that the described events took place in the order presented and that all the events occurred within the designated 72 hours as represented to and accepted by the Ramsey County District Court." The magistrate judge also found a sufficient nexus between the drug transaction and McCoy's residence because the defendant was observed exiting from the building immediately prior to being observed making the drug transaction.

The magistrate judge conducted a <u>Franks</u> hearing in response to McCoy's claim that the drug transaction never occurred. After the <u>Franks</u> hearing, the magistrate judge concluded that despite the evidence that McCoy's vehicle was in the shop, McCoy "failed to establish by a preponderance of the evidence perjury or reckless disregard for the truth within the warrant affidavit." Thus, the magistrate judge concluded that the drug transaction occurred.

The district court adopted the magistrate judge's report and recommendation. A trial was held and the jury returned a guilty verdict. Subsequently, the district court sentenced McCoy to 262 months imprisonment. McCoy now appeals both his conviction and sentence.

## II. Conviction

The first four issues raised on appeal relate to the validity of the search warrant and McCoy's motion to suppress evidence. McCoy argues that the warrant was based on stale information and failed to establish a sufficient nexus to his residence. McCoy also argues that the warrant was untimely executed, that it was based on a drug transaction that never occurred, and that the warrant was not executed in good faith.

In this case, the record clearly supports the district court's decision to deny McCoy's motion to suppress. A common sense reading of the affidavit supports the district court's conclusion that evidence of the controlled buy was timely and that there was probable cause to search McCoy's residence. In addition, under Minn. Stat. § 626.15, the warrant was still valid at the time it was executed. Based on McCoy's history of drug dealing and the fact that he was part of an ongoing investigation, there was no reason for officers to believe that the warrant would become stale before the expiration date.

As part of the <u>Franks</u> hearing, the district court confirmed the fact that the drug transaction actually occurred. Thus, the warrant was not based on invalid information. The record as a whole supports the conclusion that police obtained and executed a valid warrant in good faith. As such, we find the district court made no error in denying McCoy's motion to suppress.

McCoy also argues that disclosure of the confidential informant's identity was required based on the Government's inability to prove that the drug transaction occurred. McCoy asserts that the informant was a crucial witness because the warrant was based on the existence of the drug transaction and the confidential informant was the only one who could prove or disprove the transaction.

We review the district court's refusal to require disclosure of the identity of an informant for abuse of discretion. <u>See</u> <u>United States v. Wright</u>, 145 F.3d 972, 975 (8th Cir. 1998). The district court concluded that the drug transaction occurred. As such, the confidential informant was not a crucial witness and the district court did not abuse its discretion in denying McCoy's motion to disclose the identity of the informant.

### III. Sentencing

McCoy asserts the district court erred in sentencing him under the enhanced penalties of the Armed Career Criminal Act because his criminal history was not proven to a jury beyond a reasonable doubt as required under <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 120 S. Ct. 2348 (2000). In <u>Apprendi</u>, the Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." <u>See</u> <u>id.</u> at 2362-63.

Although evidence of a prior conviction is an exception under <u>Apprendi</u>, McCoy believes the Supreme Court was prepared to overturn its position had the issue been

properly before it. Thus, McCoy urges this court to overturn his sentence based on the fact that his prior convictions were not found by a jury beyond a reasonable doubt. This court, however, has already recognized that under Apprendi evidence of a prior conviction does not need to be proven to a jury beyond a reasonable doubt. See United States v. Aguayo-Delgado, 220 F.3d 926, 931 (8th Cir. 2000). Further, we adhere to the Supreme Court's own admonition that lower courts "leave to this Court the prerogative of overruling its own decisions." Agostini v. Felton, 521 U.S. 203, 237 (1997) (citations omitted). Therefore, McCoy's argument fails, and we find no error in the district court's decision to sentence McCoy under the Armed Career Criminal Act.

McCoy also argues that the district court abused its discretion by permitting the government to prove all of McCoy's felony convictions at trial  McCoy acknowledges that he refused to stipulate to being a felon and some prejudice was inevitable in order for the Government to prove that he had prior convictions. However, McCoy does not believe that he forfeited protection under Rule 403 of the Federal Rules of Evidence as a result.

We review evidentiary rulings by the district court for abuse of discretion. See United States v. Martin, 180 F.3d 965, 966 (8th Cir. 1999). According to the record, the district court gave McCoy notice before the trial that it would prevent most, if not all, of the evidence of his prior convictions from being admitted if he stipulated to being a felon, but McCoy declined. This court has held that "it is not error to allow the government to prove multiple convictions when proof of but a single conviction is required." Rush v. United States, 795 F.2d 638, 639 (8th Cir. 1986). As such, we find no abuse of discretion in the court's decision to allow the introduction of McCoy's criminal convictions.

The final issue McCoy presents on appeal is whether the district court erred in finding that he possessed the charged guns in connection with a controlled substance

offense.  McCoy argues that the weapons found at his residence were in no way related to his drug activity.

We review the district court's interpretation and application of the sentencing guidelines de novo and its findings of fact for clear error.  See United States v. Elliott, 89 F.3d 1360, 1370 (8th Cir. 1996).  The record reflects the fact that the charged guns were located near drugs.  Accordingly, we find no error with the district court's holding that McCoy possessed the charged guns in connection with a controlled substance.

In sum, we find no error made by the district court and accordingly affirm.

JUDGMENT AFFIRMED

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.