# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2482

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | |
| | * | |
| Erika Boksan, | * | |
| | * | |
| Appellant. | * | |

_____      Appeals from the United States
                District Court for the
No. 01-2484         Southern District of Iowa

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| v. | * | |
| | * | |
| Victor Boksan, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: December 11, 2001

Filed: June 11, 2002

_____

_____

Before McMILLIAN and MURPHY, Circuit Judges, and BATTEY,[1] District Judge.
_____

McMILLIAN, Circuit Judge.

Victor and Erika Boksan appeal from final judgments entered in the United States District Court[2] for the Southern District of Iowa sentencing each appellant to twenty-four months in prison based upon their pleas of guilty to conspiracy to distribute marijuana. See United States v. Boksan, No. Cr. 00-230 (S.D. Iowa June 1, 2001) (judgments). For reversal, Victor and Erika argue that the district court erred in determining that they were minor participants in the drug conspiracy rather than minimal participants. For the reasons set forth below, we affirm the judgments of the district court.

Jurisdiction was proper in the district court pursuant to 18 U.S.C. § 3231. This court has jurisdiction pursuant to 18 U.S.C. § 3742(a) (sentencing appeals by defendants). The notice of appeal was timely filed pursuant to Fed. R. App. P. 4(b).

## I. Background

In September 2000, Warren Babiar offered to pay Erika $5,000 to transport a U-Haul truck purportedly filled with less than 100 pounds of marijuana from Arizona to Connecticut. Erika declined to actually drive the truck, but she agreed to find another driver for Babiar. On October 3, 2000, Erika asked her husband, Victor, to

_____

[1]The Honorable Richard H. Battey, United States District Judge for the District of South Dakota, sitting by designation.

[2]The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa.

help her find a driver for Babiar. That same day, Victor asked Zoran Antunovic if he would drive the truck. Antunovic agreed.

On October 4, 2000, Antunovic met with Victor and Erika to discuss the details of the delivery. In Victor's presence, Erika gave Antunovic $2,000 for driving the truck, a map of his driving route, and written instructions on where to deliver the truck. On October 5, 2000, Erika gave Antunovic an additional $3,000 and told him to check in twice daily until the delivery was made.

On October 6, 2000, Antunovic left to pick up the truck and twice called Victor to check in, as he had been instructed. Antunovic checked in with Victor again on October 7 and 8, 2000. Erika kept in telephone contact with Babiar two or three times each day.

On October 9, 2000, Antunovic called Victor to tell him that the truck had broken down en route. Victor passed this information along to Erika, who notified Babiar. After speaking with Erika, Victor instructed Antunovic to get the truck repaired or put it into storage as soon as possible. For the next two days, Antunovic stayed in contact with Victor, Victor relayed the information to Erika, and Erika updated Babiar.

On October 10, 2000, Antunovic consented to a search of the U-Haul truck by law enforcement officers who were responding to reports of possible suspicious activity. The law enforcement officers seized from the truck six refrigerator boxes filled with a total of 990 pounds (449.06 kilograms) of marijuana and placed Antunovic under arrest. After Antunovic disclosed to law enforcement that he had been working for Victor and Erika, the officers taped telephone conversations between Antunovic and Victor and ultimately arrested Victor and Erika on October 13, 2000.

-3-

On October 25, 2000, a federal grand jury indicted Victor and Erika along with Babiar and Antunovic for conspiracy to distribute more than 100 kilograms of marijuana. Babiar eventually was convicted at trial. On March 9, 2001, Victor, Erika, and Antunovic each pleaded guilty to conspiracy to distribute marijuana in violation of 21 U.S.C. § 841 (b)(1)(A) and (B). Victor objected to his presentence investigation report – which recommended a two-level reduction for his minor role – and asked the district court for a four-level reduction for a minimal role in the offense. Erika also objected to her presentence report – which did not recommend any reduction for her role in the offense – and asked the district court for "possibly a two or three point reduction" in her offense level.[3]

At the sentencing hearing on June 1, 2001, the district court adopted the factual findings contained in the presentence investigation report for Victor, concluded that Victor was a minor participant in the offense, and reduced his offense level by two levels. See Sentencing Tr. at 15-16. With respect to Erika, the district court made the following factual findings:

> If you slice things very finely, there may be some slight difference between the roles of Erika Boksan and Victor Boksan, but not all that much. And certainly another participant in this conspiracy was Mr. Babiar, and I think it's quite clear that, compared to Mr. Babiar, Erika Boksan's role was minor, and I'm going to give her the two-level reduction for being a minor participant.

Id. at 13. The district court also ordered three-level reductions for Victor and Erika for timely acceptance of responsibility, resulting in a total offense level of 21 for each of them. The district court then granted to Victor and Erika each a downward departure for substantial assistance to the government, and sentenced each of them

---

[3]Erica and Victor were represented by separate counsel at sentencing and on appeal.

to twenty-four months imprisonment and three years of supervised release.[4]  Victor and Erika now appeal the district court's findings that they were minor participants in the offense.

## II. Discussion

U.S.S.G. § 3B1.2 authorizes a sentencing court to reduce the offense level between two and four levels to reflect the defendant's mitigating role in the offense. Victor and Erika argue that, because they were involved only once in this drug enterprise and their only role was to find a driver for the drug delivery, the district court should have reduced their offense levels by three or four points because their roles either were minimal or somewhere between minimal and minor.  Victor adds that while he and Erika both were minimally involved in the conspiracy, he participated to an even lesser extent than Erika, and is therefore even more deserving of a greater reduction in offense level.

Whether a defendant qualifies for a reduction for his or her role in the offense is a question of fact.  See United States v. Thurmon, 278 F.3d 790, 792 (8th Cir. 2002).  We therefore review the district court's determinations regarding Victor's and Erika's roles in the offense for clear error.  See United States v. Snoddy, 139 F.3d 1224 (8th Cir. 1998) (applying clear error standard to district court's denial on factual grounds of downward adjustment for role); United States v. McCarthy, 97 F.3d 1562, 1579 (8th Cir. 1996) (same).  For the following reasons, we hold that the district court did not clearly err in sentencing Victor and Erika as minor participants rather than as minimal participants.

---

[4]The district court reduced Antunovic's offense level by four levels as a minimal participant and by three levels for timely acceptance of responsibility, resulting in a total offense level of 19, and sentenced him to eighteen months imprisonment.

A defendant's eligibility for a reduction for role in the offense is determined by comparing the defendant's acts to the acts of the other conspirators. See United States v. Ramos-Torres, 187 F.3d 909, 915 (8th Cir. 1999). A four-level reduction for minimal participation, pursuant to U.S.S.G. § 3B1.2 (a), applies to defendants who are "plainly among the least culpable of those involved in the conduct of a group." U.S.S.G. § 3B1.2, cmt. 4. This role reduction for minimal participation was intended to be used infrequently, and should be reserved for cases where the defendant does not know or understand the scope of the illegal enterprise or where the defendant's involvement was insignificant. See id.; United States v. O'Dell, 204 F.3d 829, 837 (8th Cir. 2000); United States v. Correa, 167 F.3d 414, 416-17 (8th Cir. 1999). In contrast, a two-level reduction for minor participation in an offense, pursuant to U.S.S.G. § 3B1.2(b), is appropriate for defendants who are "less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2, cmt. 5. Thus, a defendant who was less involved than other conspirators but nevertheless understood the scope of the conspiracy and played a central role in the conspiracy would be eligible for a two-level reduction, not a four-level reduction. See United States v. White, 241 F.3d 1015, 1024 (8th Cir. 2001) (White). A three-level reduction is reserved for defendants whose conduct falls between a minor and a minimal role.

In the instant case, while Victor and Erika may have understood less about the scope of the conspiracy than Babiar, who was more actively involved with the marijuana, misrepresented the quantity of marijuana being delivered, and set the conspiracy in motion, they certainly knew more than Antunovic. Furthermore, Victor and Erika worked as a team to recruit Antunovic into the conspiracy. See United States v. Jankowski, 194 F.3d 878, 882 (8th Cir. 1999) (Jankowski) (affirming finding of minor participant where defendant knew scope of conspiracy and recruited another person into conspiracy). Victor and Erika continued to work as a team to supervise Antunovic, and together provided him with money, a map and instructions on an ongoing basis. In so doing, Victor and Erika played the central role of

-6-

connecting the more culpable supplier, Babiar, with the less culpable delivery person, Antunovic. Antunovic, who received a role reduction as a minimal participant, had no involvement in planning or organizing the trip and no supervisory authority.

Comparing their level of involvement to that of the other conspirators, it was appropriate for the district court to sentence Victor and Erika as participants who were less active in the conspiracy than others but "whose role could not be described as minimal." U.S.S.G. § 3B1.2, cmt. 5. We therefore cannot say that the district court clearly erred in sentencing Victor and Erika as minor participants rather than as minimal participants. See White, 241 F.3d at 1024; Jankowski, 194 F.3d at 882.

## III. Conclusion

For the aforementioned reasons, we affirm the judgments of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.