**UNITED STATES of America, Plaintiff,**

v.

**Thomas Edward WHITE, Defendant.**

**No. 02–30053.**

United States District Court, C.D. Illinois, Springfield Division.

Jan. 29, 2003.

---

is *not* an *employee* of the United States Postal Service?

Yes.

The special nature of the United States mail mandates it.

Objection denied.

## I. BACKGROUND

As set forth in his plea agreement, on March 4, 2001, Defendant was employed as a driver for T & W Trucking. As a driver for T & W Trucking, Defendant was assigned to deliver mail matter. Specifically, Defendant was assigned to deliver registered mail pouches from the Beardstown, Illinois, Post Office to the Springfield, Illinois, Post Office. These registered mail pouches contained postal proceeds from the Beardstown Post Office and from a postal substation which totaled over $16,000.00.

Rather than deliver these mail pouches to the Springfield Post Office, however, Defendant opened the pouches and removed the cash therein. On June 7, 2002, a federal grand jury indicted Defendant on two Counts of theft of mail matter in violation of 18 U.S.C. § 1708.

On August 27, 2002, Defendant changed his plea before United States Magistrate Judge Byron G. Cudmore from not guilty to guilty of the two Counts of theft of mail matter as charged in the Indictment. On September 13, 2002, the Court accepted Judge Cudmore's Report and Recommendation regarding Defendant's adjudication of guilt, and a judgment of guilty was duly entered.

Defendant has now raised the following unresolved objections to the Presentence Investigation Report ("PSR"):

Patricia A. McInerney, Office of U.S. Attorney, Springfield, IL, for Plaintiff.

David B. Mote, Deputy Chief Federal Defender, Springfield, IL, for Defendant.

### OPINION

RICHARD MILLS, District Judge.

A truck driver is convicted of theft of mail matter.[1]

Does the enhancement for abusing a position of public trust apply to someone whose job it is to deliver the mail but who

---

1. 18 U.S.C. § 1708.

## II. OBJECTIONS AND FINDINGS

### A. *Paragraph 18*

Defendant objects to paragraph 18 wherein he receives a two level enhancement for abusing a position of public trust. Defendant argues that application note 1 to U.S.S.G. § 3B1.3 explicitly states that the enhancement *would not apply* to a bank teller who stole money from a bank. Defendant contends that his position as a driver for T & W Trucking had even less responsibility than that of an ordinary bank teller, and therefore, the enhancement should *not apply.*[2]

Furthermore, Defendant notes that he was not a postal employee (contract or otherwise). Accordingly, Defendant asserts that the second paragraph of application note 1 to U.S.S.G. § 3B1.3 does not apply to him.

Prior to 1993, Defendant's argument may have had some validity. *E.g. United States v. Cuff,* 999 F.2d 1396, 1397 (9th Cir.1993)(*per curiam* )(reversing the application of U.S.S.G. § 3B1.3 to a postal employee who was convicted of mail theft in violation of 18 U.S.C. § 1709 and specifically "fail[ing] to see any significant distinction between the bank teller who embezzles funds and Cuff, who stole mail packages while employed in unloading them and moving them into the workroom."). However, in 1993, the Sentencing Commission amended the commentary to U.S.S.G. § 3B1.3 in order to clarify the meaning of "public or private trust."

In addition, the Sentencing Commission added the second paragraph to application note 1 which provides:

Notwithstanding the preceding paragraph, because of the special nature of the United States mail an adjustment

for an abuse of a position of trust will apply to any employee of the U.S. Postal Service who engages in the theft or destruction of undelivered United States mail.

U.S.S.G. § 3B1.3, cmt., n. 1. Because Defendant has been convicted of theft of undelivered mail, the Court finds that the enhancement should apply to him.

■ While it is true that Defendant is not technically an *employee* of the United States Postal Service, his employment status is merely a factor to be considered; it is not outcome determinative. *See United States v. Brown,* 7 F.3d 1155, 1161 (5th Cir.1993)(holding that "[t]he fact that Brown's employer was a private entity that contracted its work to the prison is relevant but not determinative."). The Court believes that, in examining the second paragraph to application note one to U.S.S.G. § 3B1.3, the focus of the Court's inquiry should be on the phrase "the special nature of the United States mail" rather than upon the phrase "to any employee of the U.S. Postal Service". The Court believes that this interpretation is in keeping with the Sentencing Commission's desire "to protect the delivery of the mail." *United States v. Jankowski,* 194 F.3d 878, 884 (8th Cir.1999).

Finally, the Court finds that Defendant's reliance upon *United States v. West,* 56 F.3d 216 (D.C.Cir.1995), is inapposite. We agree with the Eighth Circuit in *Jankowski,* that

the enhancement for postal employees is an exception to the general definition as stated in the first paragraph of note 1. In our view, the enhancement for postal employees was not meant to carve out a general exception for all those who abuse positions of trust that involve

---

**2.** The United States Postal Service had contracted with T & W Trucking to deliver mail between the Service's Beardstown, Illinois, and Springfield, Illinois facilities.

tasks similar to the delivery of mail. Instead, the language "[n]otwithstanding the preceding paragraph, because of the special nature of the United States mail" makes it clear that the exception is limited and meant only to protect the delivery of the mail.

*Jankowski,* 194 F.3d at 884.

Accordingly, Defendant's objection to paragraph 18 is denied.

B. *Paragraph 20, 22, 24 & 53*

Defendant also objects to paragraphs 20, 22, 24, and 53 which calculate his adjusted offense level. Defendant argues that these paragraphs should be two offense levels lower based upon his objection to paragraph 18.

However, because the Court has denied Defendant's objection to paragraph 18, the PSR is correct as written, and his objections to paragraphs 20, 22, 24, and 53 are, likewise, denied.

*Ergo,* Defendant's Objections to the Presentence Investigation Report are DENIED.

Therefore, Defendant has an adjusted offense level of 9 and a criminal history within category I, yielding a sentencing range of 4 to 10 months of imprisonment.

Accordingly, Defendant is sentenced to a term of five years of probation with the first six months to be served in home confinement on each of Counts I and II to be served concurrently. Defendant is also ordered to pay restitution immediately in the amount of $16,431.63 to the United States Post Office, 101 East Main Street, Beardstown, Illinois, 62618. Finally, Defendant is ordered to pay a special assessment of $200.00 immediately. No fine or term of supervised release is ordered.