# IN THE COURT OF APPEALS OF IOWA

No. 19-0433
Filed November 4, 2020

**JEREMY ALAN FRYE,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Hamilton County, James A.
McGlynn, Judge.


        Jeremy Frye appeals the denial of his application for postconviction relief.
**AFFIRMED.**


        Agnes G. Warutere of Warutere Law Firm, P.L.L.C., Ankeny, for appellant.

        Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney
General, for appellee State.


        Considered by Mullins, P.J., Greer, J., and Carr, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206
(2020).

**CARR, Senior Judge.**

Jeremy Frye appeals the denial of his application for postconviction relief (PCR) after pleading guilty to one count of carrying weapons. His conviction stems from an incident when Frye went to a store and encountered a woman who had obtained a temporary protective order prohibiting Frye from having contact with her. Frye was already the subject of an outstanding warrant based on his alleged violation of that order, and the woman's mother contacted law enforcement to report Frye's presence. Frye was sitting in his vehicle outside the store when an officer arrived, and Frye informed the officer that he had a handgun in his vehicle. Because Frye's license for concealed carry had expired, the State charged Frye with carrying weapons.

Frye filed a PCR application in which he claimed his trial counsel was ineffective by allowing him to plead guilty after advising him that the defense of compulsion was inapplicable. We review a claim of ineffective assistance of counsel de novo. *See Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012). To succeed on an ineffective-assistance claim, Frye must show counsel breached a duty and prejudice resulted. *See id.* We may affirm if either element is lacking. *See id.* A breach of duty occurs if counsel's performance falls below the standard of a reasonably competent attorney. *See id.* Prejudice occurs if the outcome of the proceeding would have differed had counsel performed effectively. *See id.*

Iowa Code section 704.10 (2016) states:

> No act, other than an act by which one intentionally or recklessly causes physical injury to another, is a public offense if the person so acting is compelled to do so by another's threat or menace of serious injury, provided that the person reasonably believes that

such injury is imminent and can be averted only by the person doing such act.

To generate a fact question and establish a prima facie case of compulsion, a defendant must prove four elements:

> 1) defendant was under an unlawful and present, imminent, and impending threat of such a nature as to induce a well-grounded apprehension of death or serious bodily injury;
> 2) that defendant had not recklessly or negligently placed himself in a situation in which it was probable that he would be forced to commit a criminal act;
> 3) that the defendant had no reasonable, legal alternative to violating the law; and
> 4) that a direct causal relationship may be reasonably anticipated between the commission of the criminal act and the avoidance of the threatened harm.

*State v. Walker*, 671 N.W.2d 30, 35 (Iowa Ct. App. 2003) (quoting *United States v. Jankowski*, 194 F.3d 878, 883 (8th Cir. 1999)).

The record shows the defense of compulsion is unavailable. Frye cannot meet the first element of the test because there was no imminent threat against him; he had only a subjective belief that the woman's mother was calling someone to come attack him. Nor can Frye show that he had no reasonable alternative to violating the law because Frye had the option of leaving the premises if he feared he was in danger of harm. Instead, Frye retrieved a firearm from its case in the rear of his vehicle and waited to see if a threat presented. Frye's trial counsel did not breach a duty in advising him that the defense of compulsion was unavailable.

We affirm the denial of Frye's PCR application.

**AFFIRMED.**