United States Court of Appeals
FOR THE EIGHTH CIRCUIT

_____

No. 96-4140WM

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | On Appeal from the United |
| v. | * | States District Court for |
| | * | the Western District of |
| Donald Lee Baxter, Jr., | * | Missouri. |
| | * | |
| Appellant. | * | |

_____

Submitted: October 1, 1997

Filed: October 27, 1997

_____

Before RICHARD S. ARNOLD, Chief Judge, HANSEN and MURPHY, Circuit Judges.

_____

RICHARD S. ARNOLD, Chief Judge.

Jose Jesus Varela, Donald Lee Baxter, Jr., Loreto Romero, and Erasmo Lajam were arrested at a Kansas City, Missouri train station after they drove there to meet a confidential informant whom Baxter and Romero had hired to transport cocaine from California, and Baxter took possession of the informant's suitcase containing the cocaine. The approximate gross weight of the cocaine was 21.28 kilograms. All four

were charged with conspiring to possess five or more kilograms of cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and 846; and with aiding and abetting each other in attempting to possess five or more kilograms of cocaine with intent to distribute, in violation of sections 841(a)(1) and (b)(1)(A), 846, and 18 U.S.C. § 2. Baxter pleaded guilty to the conspiracy count. In this appeal, Baxter challenges the District Court's[1] refusal to allow him to withdraw his guilty plea. We affirm.

Baxter argues that counsel had advised him he would receive only a 15-year sentence by pleading guilty (he ultimately was sentenced to 292 months' imprisonment); that he had spoken with counsel for only five minutes before signing the plea agreement, and had not read the agreement in detail or understood it; and that he thus had been confused about the nature of his agreement and the sentence he would receive.

At his plea hearing, however, Baxter told the Court he wanted to plead guilty and understood the range of imprisonment; agreed he was guilty of the charged offense, and understood he did not have to plead guilty; acknowledged he had read and signed the plea agreement, and had understood it prior to signing it; and twice acknowledged he could not withdraw his guilty plea on the basis of the sentence the Court would ultimately impose under the Guidelines. Baxter also confirmed he had not been threatened or coerced into pleading guilty, he was entering his guilty plea freely and voluntarily, and he was satisfied with counsel. The Court informed Baxter of the constitutional rights he was waiving by pleading guilty, and admonished him before accepting his plea that he could not withdraw his guilty plea because of an asserted lack of understanding.

---

[1]The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

The District Court did not abuse its discretion in denying Baxter permission to withdraw his guilty plea.  See Fed. R. Crim. P. 32(e); <u>United States v. Wicker</u>, 80 F.3d 263, 266 (8th Cir. 1996) (defendant bears burden of showing "fair and just reason" to withdraw his guilty plea); <u>United States v. Burney</u>, 75 F.3d 442, 445 (8th Cir. 1996) (defendant's misapprehension of application of Guidelines is not fair and just reason so long as defendant was told range of potential punishment and that Guidelines would be applied); <u>United States v. Newson</u>, 46 F.3d 730, 732 (8th Cir. 1995) (where court fully informed defendant of rights he was waiving, and defendant's plea-hearing representations support finding that he knowingly and voluntarily pleaded guilty and acknowledged committing crime, occasion for setting aside guilty plea should seldom arise).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.