# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1932WM

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | On Appeal from the United |
| v. | * | States District Court |
| | * | for the Western District |
| | * | of Missouri. |
| Byron Spears, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: November 14, 2000

Filed: January 3, 2001

_____

Before McMILLIAN, RICHARD S. ARNOLD, and BOWMAN, Circuit Judges.

_____

RICHARD S. ARNOLD, Circuit Judge.

Byron Spears appeals from his conviction and sentencing for the crimes of bank robbery, 18 U.S.C. § 2113(a), and use of a firearm during a bank robbery, 18 U.S.C. § 2113(d). He argues that the District Court[1] erred in not allowing him to withdraw his guilty plea as well as in its application of the Sentencing Guidelines. We affirm.

_____

[1]The Hon. Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

I.

As stipulated by the parties at sentencing, the facts are these. One of Mr. Spears's co-defendants, Jackie Goodseal, was working as the driver of a Brinks armored truck that carried currency to and from automated teller machines. Ms. Goodseal's co-worker, Robert Atkins, had just returned from servicing an ATM in a store when an armed man forced him into the passenger compartment of the van and ordered Ms. Goodseal to drive off. Some of the robber's co-conspirators followed the Brinks truck to a deserted road, where they removed the currency from the truck and took Atkins's weapon, car keys, and two-way radio. The government offered to prove that the money on the truck belonged to several FDIC-insured institutions.

According to the government, the robbers then drove to Mr. Spears's house. Mr. Spears allegedly met them there and hid the money in his basement. He testified at his guilty-plea hearing that he had participated in the planning of the robbery, including the decision to use a gun, that he knew the Brinks truck would be taken to another location in the course of the crime, that at the time of the robbery he was acting as a "watchout" at a nearby convenience store, and that the getaway car was rented on his business account.

Mr. Spears asserts several justifications for withdrawing his plea. First, he claims that his decision to plead guilty was not "knowing" because he did not know that the government considered him a manager or organizer in the conspiracy. Second, he argues that he has "consistently said he was innocent of the charges," explaining his sworn admission of every element of the offense as the result of "pressure tactics from the FBI." Brief of Appellant at 15. Third, he argues that his plea was not a voluntary and intelligent choice among alternative courses of action because he was under pressure from the FBI and confused about "who the trier of fact was." Id. Mr. Spears's argument appears to be that if these reasons are "fair and just," Fed. R. Crim. P. 32(e), then we should direct the District Court to grant the motion for withdrawal of plea.

Rule 32(e) is not a mandate, however. It is a grant of discretion, and we reverse only where that discretion is abused. United States v. Prior, 107 F.3d 654, 657 (8th Cir. 1997).

The District Court concluded that Mr. Spears's guilty plea was knowing and voluntary. After de novo review, United States v. Gray, 152 F.3d 816, 819 (8th Cir. 1998), we agree. Mr. Spears was represented by counsel at the entry of his plea. He does not claim on appeal that his lawyer misinformed him or failed to explain to him the potential legal consequences of his choices. He testified at his guilty-plea hearing that he understood what he was doing and that no one had threatened him to get him to plead guilty. Moreover, he admitted to every element of the offense, under oath, in some detail. Under these circumstances, the relatively mild "pressure tactics" Mr. Spears attributes to the FBI do not raise serious questions about the validity of his plea. The prosecution often comes to the plea-bargaining table with an advantage, but we have not been shown that it abused that advantage in its negotiations with Mr. Spears. Nor was his plea rendered unknowing by any confusion about how he would fare under the Sentencing Guidelines. See United States v. Baxter, 128 F.3d 670-71 (8th Cir. 1997) (District Court had discretion to deny withdrawal of plea by defendant who claimed counsel underestimated his sentence, after defendant had testified at entry of plea that he was satisfied with counsel and understood the range of imprisonment he might face). As for his alleged confusion about "who the trier of fact was," we are not willing to accept without further explanation that a defendant who had a lawyer, and who stated under oath that he understood his right to a jury trial, was really unsure about who was responsible for deciding his case. Because Mr. Spears's plea was, to all appearances, knowing and voluntary, the denial of his plea-withdrawal motion was not an abuse of discretion.

## II.

Mr. Spears next claims that the District Court erred in enhancing his sentence under U.S.S.G. § 2B3.1(b)(4)(A). That Guideline dictates that a defendant's offense level should be enhanced by four levels if "any person was abducted to facilitate commission of the offense or to facilitate escape . . .." Mr. Spears does not deny that Mr. Atkins was abducted or that the abduction was committed to facilitate the offense or the escape. Instead, he insists that he did not agree to, plan for, or commit the abduction, and was not even present when it was committed. But those facts make no difference. As long as the abduction of Mr. Atkins was "reasonably foreseeable," U.S.S.G. § 1B1.3(a)(1)(B), Mr. Spears's offense level should be enhanced. We think it would not have been hard to foresee. Mr. Spears knew that Ms. Goodseal would not be the only employee on the Brinks truck, he knew that one of his partners would rob the truck at gunpoint, and he knew that the truck would be brought to a deserted location where the currency would be unloaded into the getaway car. Someone with that knowledge could hardly have been surprised to learn that steps were taken to prevent Mr. Atkins from calling the police, and that those steps included forcing him to accompany the robbers to the place where they planned to leave the truck.

Mr. Spears argues that his offense level should have been reduced because he played a minor or even minimal role in the offense. In a case factually similar to this one, we affirmed the denial of a minor-participant reduction where a defendant fully understood the nature and extent of the criminal enterprise and helped to recruit one of its members. See United States v. Jankowski, 194 F.3d 878, 882 (8th Cir. 1999). Mr. Spears not only participated in planning sessions but hosted them at his pager shop, helped to recruit another participant, served as a lookout, and hid the money in his basement. The District Court refused to find that Mr. Spears was less culpable than most of his fellow participants, and we see no clear error in that refusal. See id. (standard of review).

-4-

Finally, Mr. Spears claims that he gave substantial assistance to the government and that the Court should have reduced his sentence for that reason. This argument is premature. Mr. Spears bargained for a motion to reduce his sentence under Federal Rule of Criminal Procedure 35, not for a downward-departure motion under U.S.S.G. § 5K1.1. Under Rule 35, the government may move for a reduced sentence at any time up to one year after sentencing. Fed. R. Crim. P. 35(b). At Mr. Spears's sentencing hearing, which took place on March 28, 2000, an FBI agent testified that the government was still trying to corroborate some of the information Mr. Spears had provided. Because the government could still decide to file a Rule 35 motion, the issue is not ripe for review.

For the foregoing reasons, the judgment of the District Court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.