**UNITED STATES of America,**
**Plaintiff,**

v.

**Nichole T. ADAMS, Defendant.**

**No. 01–CR–171.**

United States District Court,
E.D. Wisconsin.

Oct. 1, 2003.

---

David Robles, for Plaintiff.

Mark Hersh, for Defendant.

### *MEMORANDUM*

ADELMAN, District Judge.

Defendant Nichole Adams served as a "look-out" while her boyfriend Michael Bates, Michael's cousin Stephen Bates, and Stephen's girlfriend Jill Adams robbed a bank. Defendant pled guilty to aiding and abetting armed bank robbery under 18 U.S.C. §§ 2 & 2113, and a pre-sentence report (PSR) was prepared in anticipation of sentencing. Defendant objected when the PSR failed to recommend a four level reduction in offense level under U.S.S.G. § 3B1.2(a) based on her "mitigating role" in the offense. She argued that she did not plan or initiate the crime, was coerced into participating, did not go into the bank, was not armed during the commission of the robbery and fled the crime scene before the completion of the offense.

██ Section 3B1.2 may be applied in cases in which more than one participant was involved in committing the offense. U.S.S.G. § 3B1.2 cmt. n. 2. It "provides a range of adjustments for a defendant who plays a part in committing the offense that makes [her] substantially less culpable than the average participant." U.S.S.G. § 3B1.2 cmt. n. 3(A).

Under § 3B1.2(a), the defendant's offense level may be reduced by four if she was "a minimal participant in any criminal activity." Her offense level may be reduced by two under § 3B1.2(b) if she was a "minor participant" in the crime. In cases falling between the two the court may reduce by three levels. U.S.S.G. § 3B1.2. "The determination whether to apply subsection (a) or subsection (b), or an intermediate adjustment, involves a determination that is heavily dependent upon the facts of the particular case." U.S.S.G. § 3B1.2 cmt. n. 3(C). However, the application notes provide some guidance in making this determination.

Note 4 indicates that the "minimal participant" adjustment applies to

defendants who are plainly among the least culpable of those involved in the conduct of a group. Under this provision, the defendant's lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others is indicative of a role as minimal participant. It is intended that the downward adjustment for a minimal participant will be used infrequently.

U.S.S.G. § 3B1.2 cmt. n. 4.

Note 5 indicates that a "minor participant" is one "who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2 cmt. n. 5.

██ The defendant bears the burden of showing by a preponderance of the evi-

dence that she is entitled to a reduction under § 3B1.2. *United States v. Mitchell,* 178 F.3d 904, 910 (7th Cir.1999).

In this case, I concluded that defendant was entitled to a three level reduction because her role fell between minimal and minor. The reasons for my decision were as follows.

This crime was committed by Stephen Bates, Michael Bates, Charles Bates, Jill Adams and defendant. According to the facts contained in the PSR, which neither side challenged, each of these individuals was present during the planning of the robbery. Stephen Bates came up with the idea, obtained weapons and assigned specific roles to the others. Defendant was to serve as a look out. There was no evidence that she contributed to the planning of the offense; she was simply present at the meetings.

During the actual commission of the crime, Michael and Stephen Bates entered the bank while armed, restrained the tellers and removed the money. Jill Adams later entered the bank and removed money. Charles Bates and defendant stayed outside as lookouts. Defendant left the scene prior to completion of the crime and received none of the proceeds. She was not armed, as were Stephen and Michael Bates, and did not wear gloves, as did the others, although she apparently did wear a wig.

Therefore, in the hierarchy of culpability, Stephen and Michael Bates were most culpable, Jill Adams second, Charles Bates third, and defendant least culpable. Defendant was substantially less culpable than the average participant in this scheme. She did not plan the crime, played an insignificant role in its commission and left prior to its completion. Therefore, she was eligible for a reduction under § 3B1.2.

 It is true that when each participant was an essential component in the crime, despite varying levels of involvement in its commission, the fact that other members of the criminal enterprise were more involved does not without more entitle a defendant to a reduction under § 3B1.2. *See United States v. Castillo,* 148 F.3d 770, 776 (7th Cir.1998). A defendant can still be a significant participant in a bank robbery even though she did not personally carry a gun or hand the holdup note to the teller. *See Mitchell,* 178 F.3d at 910. If "each defendant, while playing a substantially different role, had a relatively equal, albeit different, impact on the societal interests protected by the criminal proscription," then no adjustment is appropriate. *United States v. Scroggins,* 939 F.2d 416, 423 n. 9 (7th Cir.1991). For this reason, courts do not grant reductions in bank robbery cases simply because the defendant was the getaway driver, *see, e.g., United States v. Hafiz,* 129 F.3d 1011, 1013 (8th Cir.1997), or the lookout, *see, e.g., United States v. Spears,* 235 F.3d 1150, 1152 (8th Cir.2001), rather than the "stick-up" man. The court must look at all of the facts and circumstances, not simply the defendant's assignment in the scheme.

Here, defendant was not an essential component in the crime. Her presence seemed to add little or nothing to the commission of the offense. Indeed, she left prior to the money being removed, and the crime was still completed. Therefore, her role was minimal in its impact. Neither did she provide weapons, materials or valuable information prior to the commission of the robbery, or share in the proceeds thereafter. *Cf. United States v. Crouch,* 46 F.3d 871, 876 (8th Cir.1995) (affirming refusal to grant § 3B1.2 reduction where defendant did not actively participate in the robberies, but supplied guns to the bank robbers, completely financed one of the robberies and later shared in that robbery's proceeds); *United States v. Redig,* 27 F.3d 277, 281–82 (7th Cir.1994)

(affirming denial of reduction under § 3B1.2 where defendant did not actually participate in robbery but provided a schematic of the bank and information about its security system during planning meeting with robbers).

Once a reduction is deemed appropriate, the court must determine the appropriate amount of reduction—from two to four levels. I concluded that defendant should receive a three level reduction as she seemed to fall between a minor and a minimal participant.

Application note 4 indicates that four point reductions are available for defendants "who are plainly among the least culpable of those involved in the conduct of the group." That described defendant; she was clearly least culpable of the participants in this offense and inessential to its commission. However, the note goes on to say that "the defendant's lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others is indicative of a role as minimal participant." That was not defendant; she participated in the planning sessions and was not ignorant of the scheme. Therefore, a three level reduction was proper as defendant fell between the two categories.

*United States v. DeMasi,* 40 F.3d 1306 (1st Cir.1994), was instructive in making this determination. There, the court affirmed a three level reduction under § 3B1.2 to a defendant who served as a lookout and was only minimally involved in planning an attempted bank robbery. *Id.* at 1323.

*United States v. Mitchell,* where the Seventh Circuit affirmed denial of a reduction to a bank robbery participant under § 3B1.2, was distinguishable. There, the defendant accompanied his co-actor into the bank with a note that threatened violence and demanded money. He was unable to present the note only because the bank was too crowded. The court held that this fortuitous event did not reduce his culpability. 178 F.3d at 910. In the present case, defendant never went into the bank nor did her assigned role call for her to do so.

Therefore, I reduced defendant's offense level by three under § 3B1.2 and sentenced her accordingly.