# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2395

_____

United States of America,　　　　　　　*
　　　　　　　　　　　　　　　　　　　*
　　　　　　　Appellee,　　　　　　　 *
　　　　　　　　　　　　　　　　　　　*
　　　v.　　　　　　　　　　　　　　　*
　　　　　　　　　　　　　　　　　　　*
Lorena Andrade-Rodriguez,　　　　　　*
　　　　　　　　　　　　　　　　　　　*
　　　　　　　Appellant.　　　　　　　*

_____

No. 07-2439

_____

Appeal from the United States
District Court for the
Southern District of Iowa.

United States of America,　　　　　　　*　　[PUBLISHED]
　　　　　　　　　　　　　　　　　　　*
　　　　　　　Appellee,　　　　　　　 *
　　　　　　　　　　　　　　　　　　　*
　　　v.　　　　　　　　　　　　　　　*
　　　　　　　　　　　　　　　　　　　*
Norma Gonzalez-Hernandez,　　　　　　*
　　　　　　　　　　　　　　　　　　　*
　　　　　　　Appellant.　　　　　　　*

_____

Submitted: February 12, 2008
Filed: June 26, 2008

_____

Before WOLLMAN, JOHN R. GIBSON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Lorena Andrade-Rodriguez and Norma Gonzalez-Hernandez (appellants) were convicted of falsely claiming citizenship in violation of 18 U.S.C. § 1015(e); using fraudulently obtained and false identification documents in violation of 18 U.S.C. § 1546(a), (b)(1); falsely representing a social security number in violation of 42 U.S.C. § 408(a)(7)(B); and aggravated identity theft in violation of 18 U.S.C. § 1028A. They appeal from their convictions, arguing that the district courts[1] erred by excluding testimony from their immigration expert that was the basis for a necessity defense. Although the appellants were tried separately, we have consolidated their cases on appeal because they present the same issue and a common factual background. We affirm.

I.

Immigration officials came into contact with the appellants pursuant to enforcement actions at the Swift Meat Packing Plant in Marshalltown, Iowa. Both were using aliases in their employment at Swift. Andrade-Rodriguez identified herself as Cynthia Flores, a United States citizen, and presented a Missouri identification card and a Social Security card in that name to verify her eligibility to work in the United States on Federal Form I-9. Gonzalez-Hernandez identified herself as Sarina Benavides, a United States citizen, and presented a Minnesota identification card and a Social Security card in that name to satisfy that requirement. The appellants' photographs were affixed to the identification cards, and the numbers on the identification cards and the Social Security cards corresponded with one another. Swift issued the appellants employee identification cards and employee numbers under their aliases.

---

[1] The Honorable Charles R. Wolle and The Honorable James E. Gritzner, United States District Judges for the Southern District of Iowa. (Judge Wolle presided in No. 07-2395. Judge Gritzner presided in No. 07-2439.)

The appellants proposed to call an immigration expert to testify regarding immigration issues that the appellants claimed would provide the basis for a necessity defense. Pursuant to the government's motions in limine and after considering the appellants' offers of proof at their respective pretrial conferences, the district courts excluded the testimony.

## II.

Although we have reviewed the exclusion of testimony intended to establish an affirmative defense for abuse of discretion, see United States v. Luker, 395 F.3d 830, 832 (8th Cir. 2005), the district courts in the instant cases implicitly based their decisions on the legal insufficiency of the appellants' necessity defenses. Accordingly, our review is *de novo*. United States v. Jankowski, 194 F.3d 878, 882 & n.2 (8th Cir. 1999).

The appellants do not argue that this court has ever recognized a necessity defense to the charges of which they were convicted. We need not decide whether such a defense would ever be proper with respect to such charges because the appellants failed to establish the requirements for such a defense in their cases.

A necessity/justification defense generally requires proof of the following four elements:

> (1) that defendant was under an unlawful and present, imminent, and impending threat of such a nature as to induce a well-grounded apprehension of death or serious bodily injury, (2) that defendant had not recklessly or negligently placed himself in a situation in which it was probable that he would be forced to choose the criminal conduct, (3) that defendant had no reasonable, legal alternative to violating the law, a chance both to refuse to do the criminal act and also to avoid the threatened harm, and (4) that a direct causal relationship may be

-3-

> reasonably anticipated between the criminal action taken and the avoidance of the threatened harm.

Luker, 395 F.3d at 832-33 (alterations in original omitted); see also United States v. Gamboa, 439 F.3d 796, 816 (8th Cir. 2006) (quoting Jankowski, 194 F.3d at 883); United States v. Hudson, 414 F.3d 931, 933 (8th Cir. 2005); United States v. Lomax, 87 F.3d 959, 961 (8th Cir. 1996). The appellants argue that their expert's testimony would have explained to the jury that the appellants found it necessary to break the law because they needed to support themselves in the United States in order to benefit from immigration laws that required illegal entrants to remain in the country while their visa applications were pending. Because the appellants' offers of proof did not even attempt to establish the element of "an unlawful and present, imminent, and impending threat of such a nature as to induce a well-grounded apprehension of death or serious bodily injury," to say nothing of the other required elements of a necessity defense, we conclude that the district courts did not err by excluding the proffered testimony. See United States v. Polanco-Gomez, 841 F.2d 235, 238 (8th Cir. 1988).

 The judgments are affirmed.

_____