# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2322

_____

United States of America,            *
                                   *

       Plaintiff – Appellee,     *
                                   *   Appeal from the United States

    v.                        *   District Court for the
                                   *   District of Minnesota.

James Richard Cook,          *

                                   *   [UNPUBLISHED]

       Defendant – Appellant.   *

_____

Submitted: February 10, 2009
Filed: February 19, 2009

_____

Before BYE, JOHN R. GIBSON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

James Richard Cook was convicted of armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d). He appeals his conviction, arguing the district court[1] erred by refusing to allow him to present evidence in support of a necessity defense. We affirm.

_____

[1]The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.

# I

In 2004, Cook was convicted of armed bank robbery. Following his release from prison, Cook lived at the Volunteers of America ("VoA"), a halfway house in Minneapolis, Minnesota from June 20, 2007, until October 19, 2007. When he was discharged from the VoA, he was told to go to the Union Gospel Mission ("Mission"), a shelter in St. Paul, Minnesota.

On October 24, 2007, Cook robbed a TCF Bank in downtown St. Paul, Minnesota, of $1,740 cash by brandishing a butter knife. Cook arguably attempted to evade arrest by walking away quickly, changing his hat, and attempting to change his shirt. Cook was arrested within five minutes of the robbery and did not resist arrest, saying, "Oh well. I'll have to go back to prison now."

During trial, Cook wanted to present a "necessity" or "choice of evil" defense, arguing he chose bank robbery to avoid the greater evil of homelessness. In support of that defense, he sought to introduce the testimony of two individuals, one from the VoA and the other from the Mission. The person representing the VoA would testify: Cook came to VoA from the Bureau of Prisons in Leavenworth, was there for four months, unsuccessfully sought unemployment, and was discharged with only an address of a homeless shelter. The person representing the Mission would testify: Mission records demonstrate some people were unable to gain admission to the shelter on October 21-23, 2007. This person could not testify whether Cook was such a person, however, as the Mission does not track the identity of the people it turns away.

At the hearing regarding the necessity defense, Cook's counsel admitted there was to be no testimony that Cook was unable to gain admission to the Mission on October 21-23, 2007, or that Cook had no alternatives other than homelessness or bank robbery. Finding his proffer legally insufficient, the district court denied Cook the ability to present a necessity defense.

Cook was found guilty by a jury of armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d). The district court sentenced him to eighty months imprisonment followed by three years of supervised release. This appeal followed.

II

We review de novo whether there is sufficient evidence to submit an affirmative defense to a jury. United States v. Andrade-Rodriguez, 531 F.3d 721, 723 (8th Cir. 2008). Because Cook failed to proffer evidence on (at least) one element of the necessity defense, the district court properly denied him the ability to raise that defense at trial.

In United States v. Bailey, after noting "[m]odern cases have tended to blur the distinction between duress and necessity," the Supreme Court stated: "Under any definition of [the necessity and duress] defenses one principle remains constant: if there was a reasonable, legal alternative to violating the law, a chance both to refuse to do the criminal act and also to avoid the threatened harm, the defenses will fail." 444 U.S. 394, 410 (1980) (internal quotation marks omitted). Cook has failed to demonstrate he lacked a reasonable, legal alternative to robbing the bank. When asked if there would be any testimony that bank robbery or homelessness were Cook's only alternatives, defense counsel responded he was not "proposing to weigh in on that point." Instead, Cook asserts it is the government's burden to prove he had other alternatives. This is incorrect. The Supreme Court specifically stated in Bailey: "[T]he [defendant] is not entitled to claim a defense of duress or necessity unless and until he demonstrates that, given the imminence of the threat, violation of [the law] was his only reasonable alternative." Id. at 410-11 (emphasis added).

Because Cook's did not even attempt to establish he had no other legal alternative to violating the law, the district court did not err by excluding the proffered testimony on his necessity defense. See United States v. Kabat, 797 F.2d 580, 590-91

(8th Cir. 1986) (holding a defendant is not entitled to present a necessity defense unless he shows "an underlying evidentiary foundation as to each element of the defense").

III

We affirm Cook's conviction.

_____