# United States Court of Appeals
### For the Eighth Circuit

_____

No. 22-3499
_____

United States of America

*Plaintiff - Appellee*

v.

William Chavez Goodman

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa
_____

Submitted: September 22, 2023
Filed: December 14, 2023
_____

Before COLLOTON, GRASZ, and KOBES, Circuit Judges.
_____

GRASZ, Circuit Judge.

A jury convicted William Goodman of six crimes, including one count of distribution of fentanyl resulting in death and two counts of unlawfully possessing a firearm as a felon. On appeal, Goodman argues the district court[1] erred by admitting

_____

[1]The Honorable Stephanie M. Rose, Chief Judge, United States District Court for the Southern District of Iowa.

certain testimony of the deceased fentanyl user's girlfriend and in instructing the jury regarding Goodman's prior convictions. Goodman argues these errors warrant reversal for a mistrial or a new trial. We affirm.

## I. Background

In March of 2021, Goodman was involved in a shootout outside a bar in Davenport, Iowa. Goodman was shot and fled on foot. While retracing Goodman's steps, police found a gun, which they eventually tied back to Goodman. When police later searched Goodman's apartment, they found another gun in Goodman's bed frame as well as a backpack containing 1.4 pounds of marijuana. Text message and Cash App records indicated Goodman had been selling heroin to B.D., a man who died of a fentanyl overdose. The evidence suggested Goodman sold B.D. the drugs on which he had overdosed. Goodman was charged and convicted of unlawfully possessing a firearm as a felon, as well as distribution of fentanyl resulting in death.

At trial, the jury heard testimony from C.T., B.D.'s girlfriend. C.T. testified that she and B.D. used heroin together and B.D. told her he bought heroin from a dealer nicknamed "Pooh,"—Goodman's nickname. Goodman objected to C.T.'s testimony as hearsay, but the district court admitted the testimony as statements made by a co-conspirator during and in furtherance of the conspiracy. The district court also admitted evidence of Goodman's prior plea agreements for drug distribution and unlawfully possessing a firearm as a felon. The district court instructed the jury that evidence of Goodman's prior convictions could be used for knowledge, motive, intent, plan, preparation, or absence of mistake or accident as to the offenses for which Goodman was on trial. Goodman agrees this evidence could be used to show knowledge, motive, and intent but challenges the district court allowing the evidence to be used to show plan, preparation, or absence of mistake.

## II. Analysis

Goodman argues on appeal that the erroneous admission of hearsay testimony and the jury instruction regarding his prior convictions warrant reversal. We consider each issue in turn.

### A. Admission of C.T.'s Testimony

At trial, C.T. testified that she and B.D. used heroin together. To buy it, they would pool their money, and B.D. would make the purchases. C.T. never participated directly in the transactions; she never met the dealers, spoke with the dealers, or even saw the dealers. According to C.T.'s testimony, B.D. and C.T. discussed drugs B.D. had been buying from dealers named "Tone," "Meatball," and "Pooh." C.T. testified B.D. began exclusively buying heroin from Pooh in December 2020, and had bought heroin on February 17, 2021, the day he overdosed. C.T.'s testimony was corroborated by text messages from Goodman's phone and other evidence indicating B.D. had purchased fentanyl-laced heroin from Goodman that day. Goodman's attorney objected to C.T.'s testimony as hearsay. The district court concluded the statements fell within the co-conspirator exclusion under Rule 801(d)(2)(E) of the Federal Rules of Evidence because they were made during and in furtherance of a conspiracy to distribute drugs. Goodman now argues C.T. was the declarant and not a member of the conspiracy. Thus, C.T.'s testimony about B.D.'s statements should have been excluded.

Under Rule 801(d)(2)(E), a statement is not hearsay when it is offered against an opposing party and "was made by the party's coconspirator during and in furtherance of a conspiracy." Goodman argues C.T. was the declarant and was not properly a member of any drug conspiracy, so the exclusion should not apply to her testimony. However, C.T. was not the declarant. A declarant is "the person who made the statement." Fed. R. Evid. 801(b); *see also* Fed. R. Evid. 801(a) (explaining a statement includes "a person's oral assertion"). Here, C.T. testified to B.D.'s statements about his plans to buy heroin and the identity of his dealer. B.D. is the

declarant under Rule 801(b), not C.T. Whether C.T. was part of the conspiracy is not relevant to our analysis, so we decline to address that issue.

Goodman does not challenge the district court's finding that he and B.D. were in a conspiracy to sell drugs. Even if he had, the district court did not err in admitting B.D.'s statements. To admit those statements, the government needed to show a conspiracy between B.D. and Goodman existed and that B.D. made his statements during the course of and in furtherance of that conspiracy. *See United States v. Sims*, 999 F.3d 547, 552 (8th Cir. 2021).

Generally, "[w]e review a district court's evidentiary rulings for clear abuse of discretion, reversing only when an improper evidentiary ruling affected the defendant's substantial rights or had more than a slight influence on the verdict." *United States v. Two Shields*, 497 F.3d 789, 792 (8th Cir. 2007). It remains an open question whether admissibility under Rule 801(d)(2)(E) is reviewed under an abuse of discretion standard or whether the Rule 801(d)(2)(E) factfinding is first reviewed for clear error and the ultimate decision to admit or exclude is then reviewed for abuse of discretion. *See United States v. Ramirez-Martinez*, 6 F.4th 859, 866–67 (8th Cir. 2021). However, the court need not resolve that question because Goodman's argument "fails under either standard." *See id.* at 867.

The district court did not abuse its discretion or clearly err in finding B.D. and Goodman were in a conspiracy to distribute drugs. C.T. testified she pooled her money with B.D. so B.D. could buy drugs from Goodman on her behalf. *See United States v. McKay*, 431 F.3d 1085, 1094 (8th Cir. 2005) (finding a request to pool money to buy more drugs was a statement in furtherance of a conspiracy). Other evidence, including text messages and Cash App transactions, corroborated C.T.'s testimony. This evidence indicated B.D. bought drugs from Goodman on multiple occasions for both himself and C.T. This is enough to show a conspiracy between B.D. and Goodman to distribute drugs. *See United States v. Sherman*, 81 F.4th 800, 808 (8th Cir. 2023) (noting evidence of multiple drug transactions and drug distribution supports a finding of conspiracy).

-4-

Likewise, the district court did not abuse its discretion or clearly err in finding B.D.'s statements to C.T. were made in furtherance of the conspiracy. "The phrase 'in furtherance of the conspiracy' is broadly interpreted," and includes "[a]ny statement discussing the supply source, identifying a coconspirator's role, indicating the quantity of drugs, or providing information on the enterprise's scope[.]" *Sims*, 999 F.3d at 552 (quoting Fed. R. Evid. 801(d)(2)(E)). B.D.'s statements to C.T. discussed drugs he was purchasing from different dealers, including a drug dealer named "Pooh."

Goodman does not challenge the district court's finding that he was in a conspiracy with B.D., and even if he had, the district court's decision to admit the statements was not an abuse of discretion or clear error. B.D.'s statements through C.T.'s testimony were admissible under Rule 801(d)(2)(E).

## B. Prior Conviction Evidence

Both Goodman and the government agree that evidence of Goodman's prior convictions for drug distribution and possession of a firearm were properly admitted to show knowledge, motive, and intent. At the government's request, the district court also instructed the jury it could consider this evidence to show plan, preparation, or absence of mistake. Goodman argues he was prejudiced by the expanded list under Rule 404(b) because the government did not adequately justify why the additional uses should be allowed under the facts of his case. We do not agree Goodman was prejudiced.

Rule 404(b) is a "'rule of inclusion' . . . that permits evidence of prior crimes to show a defendant's 'motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.'" *United States v. Monds*, 945 F.3d 1049, 1052 (8th Cir. 2019) (quoting *United States v. Riepe*, 858 F.3d 552, 560 (8th Cir. 2017) and Fed. R. Evid. 404(b)(2)). To admit prior convictions as evidence, the government should explain how those convictions relate to the charged offenses. *See United States v. Turner*, 781 F.3d 374, 390–91 (8th Cir. 2015); *United States v.*

*Mothershed*, 859 F.2d 585, 589 (8th Cir. 1988). When a defendant is charged with drug trafficking and gun possession, evidence of prior drug and gun convictions generally is admissible for non-propensity purposes under Rule 404(b). *See Turner*, 781 F.3d at 390; *United States v. Walker*, 470 F.3d 1271, 1274 (8th Cir. 2006). Despite this, the government "must [still] be prepared to show a permissible purpose for admission of the prior conviction." *Turner*, 781 F.3d at 390.

We review "a district court's formulation of jury instructions for an abuse of discretion and its interpretation of law *de novo*." *United States v. Strubberg*, 929 F.3d 969, 977 (8th Cir. 2019) (quoting *United States v. Farah*, 899 F.3d 608, 614 (8th Cir. 2018)). "An error in the instructions 'does not warrant reversal of a conviction if it is harmless.'" *Id.* (quoting same). "We may disregard such an error where it is clear beyond a reasonable doubt that a rational jury would have found the defendant guilty without the error." *Id.*; *see also United States v. Henry*, 848 F.3d 1, 10 (1st Cir. 2017) (holding that where the record contained ample evidence to support the verdict and prior conviction evidence had already been admitted for a permissible Rule 404(b) purpose, allowing the jury to consider evidence of prior conviction for an additional purportedly impermissible purpose would constitute harmless error). Although drug and gun convictions are typically admissible in this type of case, the district court should not add purposes to the jury instructions without having adequate justification for doing so. *Cf. Turner*, 781 F.3d at 390. However, in this case, Goodman concedes the evidence of his prior convictions was admissible under Rule 404(b), and the evidence of Goodman's guilt was overwhelming. Even if the expanded list of 404(b) uses was not adequately justified, it is highly unlikely that, absent the error, the jury would have reached a different outcome. Accordingly, a new trial is not warranted.

## III. Conclusion

We affirm the district court's judgment.

_____