# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-1200

_____

United States of America

*Plaintiff - Appellee*

v.

Wayne D. Lozier, Jr.

*Defendant - Appellant*

------------------------------

Professional Bail Agents Association of the United States; Turning Leaf Inc.

*Amici on Behalf of Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri

_____

Submitted: September 26, 2024
Filed: December 5, 2024

_____

Before GRUENDER, KELLY, and GRASZ, Circuit Judges.

_____

GRASZ, Circuit Judge.

Wayne Lozier, Jr., a licensed bounty hunter in Louisiana, went to Missouri and detained a fugitive who failed to appear for her Louisiana court date. Based on this act, a federal grand jury indicted him for kidnapping and conspiracy to kidnap. At Lozier's trial, the case hinged on whether he acted "unlawfully" in seizing, detaining, and carrying away the fugitive, specifically whether Lozier's detention of the fugitive was justified or excusable despite his failure to comply with two provisions of Missouri law regulating surety recovery agents. Lozier argues the jury instructions deprived the jury of its ability to decide that crucial element. We agree. As a result, we vacate Lozier's convictions and remand for a new trial.

## I. Background

In 2018, R.C. was charged with two offenses, taken to a Louisiana jail, and later bonded out by her husband. When she failed to appear for her court date, her bondsman hired Wayne Lozier, Jr., to apprehend her. Lozier held a valid Louisiana license for fugitive or surety recovery. He learned R.C. was at a residence in Missouri and traveled with a fellow surety recovery agent, Jody Sullivan, to seize and transport her. Lozier went to the residence, entered the home, placed R.C. in handcuffs, and forced her to enter his vehicle. They then began traveling south.

Meanwhile, the owner of the residence contacted law enforcement to alert them that Lozier had seized R.C. from her home. A St. Peters, Missouri police officer, Jeffrey Atkins, investigated the incident due to his concern Lozier had entered the home without authorization. He contacted Lozier and learned he was not licensed in Missouri and had failed to notify local law enforcement before apprehending R.C. from a home in contravention of Missouri law. *See* Mo. Rev. Stat. §§ 374.757(2), 374.783(1), 374.789(1). Officer Atkins informed Lozier of these violations and directed him to stop somewhere in Arkansas to release R.C. to authorities at a nearby police station. At the direction of the bondsman, Lozier did not stop and eventually delivered R.C. to Hinds County Jail in Mississippi.

A grand jury charged Lozier with two counts: conspiracy to kidnap and kidnapping, in violation of 18 U.S.C. § 1201(a). He twice sought to dismiss the indictment on the basis that his seizure of R.C. was not unlawful because he was acting as an agent of a bail bondsman by detaining a fugitive who failed to appear. The government argued Lozier acted unlawfully in seizing R.C. because he failed to follow two provisions of Missouri law: (1) surety recovery agents must be licensed by the state prior to capturing a fugitive, *see* Mo. Rev. Stat. §§ 374.783(1), 374.789(1); and (2) they must inform local law enforcement before attempting to enter a residence, *id.* § 374.757(2). The district court denied the motions to dismiss on the basis that Lozier raised factual challenges to the government's ability to prove its case.

At trial, Lozier conceded he lacked a Missouri license and presented no evidence he had contacted local law enforcement before seizing R.C. He nevertheless contended he had not committed a federal kidnapping or conspired to commit one because: (1) R.C. had an active warrant for failing to appear in court; (2) R.C.'s bondsman hired Lozier to apprehend her; and (3) Lozier's act of apprehending her was a standard fugitive apprehension with immaterial technical missteps. Lozier also objected to a jury instruction (Instruction 16), which addressed the Missouri surety recovery agent provisions on which the government rested its claim that he acted unlawfully. He argued the instruction "violate[d his] right to due process and his right to a fair trial" by "tak[ing] away the jury's ability to look at the facts and determine" whether he acted unlawfully. The trial judge overruled his objection, and the jury found Lozier guilty on both counts. The district court sentenced Lozier to a below-guidelines sentence of 120 months on both counts running concurrently. On appeal, Lozier asserts Instruction 16 employed a conclusive presumption as to the unlawfully element of the kidnapping offense and seeks vacatur of his convictions and a new trial.

## II. Analysis

Typically, in light of the trial court's "wide discretion in formulating appropriate jury instructions[,]" we review its rulings for abuse of discretion. *United States v. Poitra*, 648 F.3d 884, 887 (8th Cir. 2011) (quoting *United States v. Cruz-Zuniga*, 571 F.3d 721, 725 (8th Cir. 2009)). But when a ruling on a jury instruction "simultaneously denies a legal defense, the correct standard of review is de novo." *See United States v. Bruguier*, 735 F.3d 754, 757 (8th Cir. 2013) (en banc) (quoting *United States v. Young*, 613 F.3d 735, 744 (8th Cir. 2010)). If the challenged instruction created a conclusive presumption as Lozier contends, it deprived him of his ability to defend against the charges by arguing that the government failed to prove a necessary element of the offense. We therefore review whether Instruction 16 created a conclusive presumption de novo. *See United States v. Warren*, 25 F.3d 890, 897 (9th Cir. 1994).

The Fifth Amendment's Due Process Clause requires the government to prove all essential elements of a criminal offense beyond a reasonable doubt to obtain a conviction. *In re Winship*, 397 U.S. 358, 364 (1970). Thus, a court cannot offer a jury instruction that "'reliev[es] the [government] of the burden of proof' . . . by creating a mandatory presumption" of a necessary element of the offense. *Francis v. Franklin*, 471 U.S. 307, 313–14 (1985) (quoting *Sandstrom v. Montana*, 442 U.S. 510, 521 (1979)). Such instructions "conflict with the overriding presumption of innocence" and invade the jury's factfinding role. *Sandstrom*, 442 U.S. at 523 (quoting *Morissette v. United States*, 342 U.S. 246, 275 (1952)). For example, the Supreme Court held an instruction directing the jury to presume "a person intends the ordinary consequences of his voluntary acts" created an impermissible conclusive presumption. *See id.* at 513, 523. This instruction allowed the government to prove intent by proving only the voluntary act even though the defendant could have voluntarily acted without the requisite intent. *See id.* at 523–24. As a result, the jurors would not actually have had to find intent beyond a reasonable doubt to conclude the element was proven because they were told to presume it from the defendant's action. With this instruction, the government

needed to prove only certain predicate facts, not the element itself. *See id.* It therefore violated the defendant's due process protections because it took away the jury's ability to find each element. *Id.* at 523.

As relevant here, to commit the charged crime of federal kidnapping, a defendant must have acted "unlawfully" in "seiz[ing]" or "carr[ying] away" another person. 18 U.S.C. § 1201(a). In this appeal, both Lozier and the government agree a person acts unlawfully for purposes of section 1201(a) only if he acts contrary to law *and* without justification or excuse, so the government must prove both aspects to obtain a kidnapping conviction. Lozier argues Instruction 16 impermissibly removed the government's obligation to prove he acted without justification or excuse. We agree.

The jury instructions for kidnapping used at Lozier's trial had two main components: (1) the elements of the offense (Instruction 15); and (2) the surety recovery agent provisions of Missouri law (Instruction 16). Instruction 15 followed the Eighth Circuit pattern for kidnapping but added that "'[u]nlawfully' means contrary to law and neither justifiable nor excusable." *See Eighth Circuit Manual of Model Jury Instructions (Criminal)* § 6.18.1201 (2023). Instruction 16 was crafted by the district court and read:

> Under Missouri law, a "surety recovery agent" is a person not performing the duties of a sworn police officer who tracks down, captures, and surrenders to the custody of a court a fugitive who has violated a bail bond agreement.
>
> (1) Did Defendant Lozier fail to inform local law enforcement that he was planning to enter a Missouri residence as a surety recovery agent?
>
> Yes _____ No _____
>
> (2) Did Defendant Lozier engage in fugitive recovery in Missouri without holding a valid Missouri surety recovery agent license?

Yes _____ No _____

    If you have unanimously answered "Yes" to either question (1) or (2), the Defendant has acted unlawfully.

Final Jury Instrs. at 25, No. 4:21-CR-365 (E.D. Mo. Sept. 28, 2023), ECF No. 199. This instruction was used in lieu of the parties' proposal, which quoted various Missouri statutes governing the rights and obligations of surety recovery agents for the jurors to consider in determining whether Lozier acted contrary to Missouri law. *See* Refused Jury Instrs. at 1–4, No. 4:21-CR-365 (E.D. Mo. Sept. 28, 2023), ECF No. 201.

    Instruction 16 created a conclusive presumption as to whether Lozier acted unlawfully. Although the parties agree that in order to convict the jury needed to find both a violation of law and that Lozier's conduct was not justified or excusable, Instruction 16 stated the mere acts of violating Missouri law were sufficient to find Lozier "acted unlawfully." In other words, Instruction 16 directed the jurors, regardless of any justification or excuse, to find the unlawfully element satisfied if Lozier acted contrary to the identified Missouri provisions. The government itself recognized this impact and argued as much in its closing:

> If you look at Instruction No. 16, when you retire for your deliberations, those are the two questions that you must answer to determine whether or not the defendant acted unlawfully in this case.
>
> The first deals with his failure to notify local law enforcement. The second deals with the fact that he was never licensed as a surety recovery agent by the Missouri Department of Commerce and Insurance.
>
> And if your answer is yes to either one of those interrogatories in Instruction No. 16, then the government has proven beyond a reasonable doubt that the defendant acted unlawfully.

Trial Tr. vol. 3 at 33–34, No. 4:21-CR-365 (E.D. Mo. Oct. 24, 2023), ECF No. 205. The government did not argue Lozier lacked a justification or excuse for his conduct, presumably because Instruction 16 made it unnecessary. By eliminating the need to prove a lack of justification or excuse, Instruction 16 relieved the government of its burden to fully prove the unlawfully element. *See Francis*, 471 U.S. at 313.

We next look at the remaining jury instructions to see if they cured the defect of Instruction 16 because we evaluate instructions "in the context of the entire charge." *Jones v. United States*, 527 U.S. 373, 391 (1999). As we do, we are guided by the principle that "[l]anguage that merely contradicts and does not explain a constitutionally infirm instruction will not suffice to absolve the infirmity" because "[a] reviewing court has no way of knowing which of the two irreconcilable instructions the jurors applied in reaching their verdict." *Francis*, 471 U.S. at 322. The most pertinent instruction is Instruction 15. This instruction told the jury that in order to convict it must find Lozier's seizure, detention, and carrying away of R.C. were "contrary to the law and neither justifiable nor excusable." But a reasonable juror relying on Instruction 16 could have concluded any justification or excuse was irrelevant if Lozier had committed those state law violations. Indeed, Instruction 16 was a clear command that Lozier had acted unlawfully if he acted contrary to those Missouri surety laws and is irreconcilable with Instruction 15's direction to consider justification or excuse.

The government raises a variety of arguments in defense of the jury instructions, none of which are availing. First, it asserts Instruction 16 did not create a presumption based on another element of the offense and therefore does not present a due process concern. But, as explained above, Instruction 16 had that exact effect. It told the jury the existence of one portion of the "unlawfully" element (acting contrary to law) resolved a separate one (acting without justification or excuse). In any event, while conclusive presumption cases often involve presuming one element's existence from another, such as intent based on the performance of an act, *e.g.*, *Sandstrom*, 442 U.S. at 523, this is not required to find an impermissible presumption. Instead, the instruction need only "direct the jury to presume an

ultimate element of the offense based on proof of certain predicate facts." *Neder v. United States*, 527 U.S. 1, 10 (1999) (emphasis omitted). It did so here by instructing that Lozier acted both contrary to Missouri law and without justification or excuse (the ultimate element) because he engaged in fugitive recovery without a Missouri license and failed to notify law enforcement before attempting the seizure (the predicate facts). However, Lozier's violations of Missouri law do not necessarily foreclose finding that he acted with justification or excuse. By telling the jury it only needed to find an action contrary to law to find he acted unlawfully, the instruction impermissibly "preclude[d] the jury from making a finding on the *actual* element of the offense." *See id.*

The government next asserts Instruction 16 properly stated Missouri law, which it claims does not permit a justification or excuse for these violations. Whatever role state law plays in determining whether a defendant acted contrary to law for purposes of federal kidnapping, the government bears the burden to prove every element of the federal kidnapping charge it brought, which for purposes of this case the government concedes includes a lack of justification or excuse. *See In re Winship*, 397 U.S. at 364. Instruction 16 may accurately explain how Lozier could have violated Missouri law, but that does not necessarily resolve whether he acted unlawfully for purposes of 18 U.S.C. § 1201(a). As a result, the district court could not properly offer a jury instruction that foreclosed the jury's ability to consider the existence of a justification or excuse even if it accurately described Missouri law.

Finally, the government asserts any error was harmless. Conclusive presumptions and similar errors to instruct the jury on every element of an offense are subject to harmless error review. *Rose v. Clark*, 478 U.S. 570, 581–82 (1986). *See also United States v. Evans*, 272 F.3d 1069, 1081 (8th Cir. 2001). An error is harmless "where it is clear beyond a reasonable doubt that a rational jury would have found the defendant guilty without the error." *United States v. Goodman*, 88 F.4th 764, 768 (8th Cir. 2023) (quoting *United States v. Strubberg*, 929 F.3d 969, 977 (8th Cir. 2019)). This requires asking "whether the record contains evidence that could rationally lead to a contrary finding with respect to the omitted element." *United*

*States v. Carlson*, 787 F.3d 939, 947 (8th Cir. 2015) (quoting *Neder*, 527 U.S. at 19). Here, a rational jury could have found Lozier's actions were justifiable or excusable because he was authorized to seize R.C. as an agent of her bondsman.[1] R.C. testified she understood missing court resulted in a warrant for her arrest and failing to follow the conditions of her bond could lead to arrest by her bondsman. The jury further heard that Lozier was seizing her pursuant to the active warrant and the bond agreement after being instructed to do so by her bondsman. From these facts, a jury could potentially have concluded, for example, Lozier had the authority to seize, detain, and carry away R.C. through his relationship to her bondsman and that she had implicitly consented to him doing so as part of her bond, thereby justifying or excusing his acts. But Instruction 16 suggested to Lozier's jury it should disregard this evidence, and the government emphasized this in its closing by telling the jury once it found a state law violation, the unlawfully element of the federal offense was conclusively proven. We cannot say beyond a reasonable doubt the jury would have reached the same conclusion in the absence of the conclusive presumption. This error was not harmless.

The conclusive presumption also infected the conspiracy count, requiring vacatur of both convictions. The two counts were inextricably linked based on the evidence, and the government does not dispute the counts rise and fall together. The conspiracy count required the jury to conclude Lozier and Sullivan agreed to commit

---

[1]Lozier argues, and the government does not dispute, that justification or excuse in this context is fact-specific, making it distinguishable from the typical four-element justification defense. *Cf. United States v. Andrade-Rodriguez*, 531 F.3d 721, 723 (8th Cir. 2008) (noting the four elements of a typical justification defense). Neither party requested any instruction defining what the jury would need to find to determine if there was a justification or excuse and none was provided to the jury. Absent the conclusive presumption, the jury would have been tasked with determining for itself whether these facts justified or excused Lozier's acts. We do not resolve the contours of what constitutes a sufficient justification or excuse under 18 U.S.C. § 1201(a), but, based on the parties' agreement that justification or excuse hinges on the facts of the individual case, we conclude a jury could have rationally found the seizure was justifiable or excusable based on the evidence presented at trial.

a kidnapping. The government's conspiracy case was essentially that Lozier and Sullivan accomplished what they agreed to do. If Lozier committed a kidnapping, he also conspired to commit one. In contrast, if Lozier's seizure and carrying away R.C. was justified or excusable, then he did not agree to commit a kidnapping. For the same reasons that Instruction 16 took this consideration away from the kidnapping count, a reasonable juror would have likely believed he must find Lozier guilty of conspiracy if Lozier committed those Missouri law violations, regardless of any justification or excuse.

### III. Conclusion

Accordingly, we vacate Lozier's convictions and remand for a new trial. The motion to supplement the record on appeal is granted.

_____